UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN CEDAR and GWENLEE CEDAR,<br><br>    Appellants,<br><br>v.<br><br>RICHARD LEE BYRD, ELIZABETH BYRD, and M. NELSON ENMARK,<br><br>    Appellees. | CIV-F-04-6155 AWI<br><br>ORDER RE: APPEAL FROM BANKRUPTCY COURT |

This matter is an appeal of a bankruptcy court order overruling Appellants' objection to a Chapter 13 plan. The case was transferred from the Bankruptcy Appellate Panel, which originally had the appeal. The parties briefed the appeal when it was before the B.A.P. They have not provided additional briefing at the district court level.

## I. History

Richard Lee Byrd and his brother, Larry Byrd, formed Sierra Custom Homes as a partnership in order to construct new homes in the greater Fresno area. On May 1, 1999, Quentin and Gwenlee Cedar (the "Cedars") entered into a written custom home construction contract with Sierra Custom Homes ("Sierra") and the Byrd brothers. Disputes concerning quality, delay in construction, withholding of payment, and an allegation of physical assault arose at an undetermined date. On July 18, 2000, the Cedars sued Sierra, Richard Lee Byrd, and Larry Byrd

1   in state court requesting $800,000 in damages.

2   Richard Lee Byrd and Elizabeth Byrd (the "Byrds") filed for Chapter 13 bankruptcy on
3   December 4, 2002.  The case was assigned to Bankruptcy Judge Richard Lee and M. Nelson
4   Enmark is the Chapter 13 trustee.  Larry Byrd filed for Chapter 13 bankruptcy on December 18,
5   2002; the case was assigned to Bankruptcy Judge Whitney Rimel.  Sierra filed for Chapter 7
6   bankruptcy on January 24, 2003.

7   The Cedars filed an $800,000 proof of claim against the Byrds on February 28, 2003.
8   Doc. 3.  According to the Cedars, the total of $800,000 is an approximate aggregate of the
9   amount they were double billed ($48,945.67), amount they spent completing their home
10  ($91,831.37), amount they spent repairing defective construction ($241,747.84), and damages for
11  emotional distress ($432,471.21). See Appellants' Brief and Appellants' Ex. 6.  On July 8, 2003,
12  they filed a formal objection to the confirmation of the Byrd's Chapter 13 plan, arguing "1.
13  Debtor does not qualify for relief under Chapter 13 of the Bankruptcy Code, pursuant to 11
14  U.S.C. § 109(e); and 2. Debtor's Chapter 13 Plan is not proposed in good faith." Appellants' Ex.
15  4.  In relevant part, 11 U.S.C. § 109(e) specifies that Chapter 13 relief is only permitted when the
16  debtor(s) have "on the date of the filing of the petition, noncontingent, liquidated, unsecured
17  debts of less than $307,675."  The Cedars claim the full $800,000 amount is liquidated. Brief, at
18  3.  On October 15, 2003, Judge Lee confirmed the Byrds' Chapter 13 plan over the Cedars'
19  objections. Doc. 8.  Specifically, Judge Lee found that the $800,000 claim was not liquidated.
20  Appellants' Ex. 9, at 4:14-20.

21  As the Cedars seek recovery of $800,000 from Sierra, Larry Byrd, and Richard Lee Byrd
22  collectively, they have objected to Larry Byrd's Chapter 13 plan on the same basis.  On July 31,
23  2003, Judge Rimel confirmed Larry Byrd's Chapter 13 plan over the Cedars' objections.  They
24  appealed the decision to the district court, where the case was assigned to Judge Oliver Wanger
25  (CIV-F-03-6282).  On July 15, 2004, Judge Wanger issued an order affirming the bankruptcy
26  court's decision, finding that the claims that constitute the $800,000 amount are "unliquidated,
27  unsecured, non priority claims, which have no effect on Chapter 13 eligibility." See Case 03-
28  6282, Doc. 13, at 15:23-27.  The Cedars appealed to the Ninth Circuit. See Case 03-6282, Doc.

1  15. On October 1, 2004, the Ninth Circuit dismissed the appeal for failure to prosecute. See Case
2  03-6282, Doc. 24.
3        On October 23, 2003, the Byrds appealed Judge Lee's decision in the Byrds' case, which
4  was assigned to the Bankruptcy Apellate Panel. The parties briefed the appeal, but no oral
5  argument was held. The issue on appeal is "Whether the bankruptcy court erred in confirming
6  [the Byrds'] Chapter 13 Plan over [the Cedars'] objection to the Plan; [the Cedars] objected on
7  the ground that [the Byrds were] not eligible for Chapter 13 treatment under 11 U.S.C. §109(e).
8  Appellants' Brief, at 1. On August 5, 2004, the BAP issued an Order to Show Cause Why
9  Appeal Should Not be Transferred to District court, stating:

> it has come to the attention of this court that the United States District Court for the Eastern District of California recently decided a similar appeal between Appellants Quentin and Gwenlee Cedar on the one hand, and Larry W. Byrd on the other hand (District Court Case No. Civ-F-03-6282).
> Larry Byrd is the brother and business partner of Richard Lee Byrd, who is one of the Appellees in this appeal before the BAP. Further, both appeals concern the same debt for which the brothers allegedly are both liable, and concern essentially the same issue: whether this debt is liquidated for purposes of determining the chapter 13 eligibility of each brother in their respective bankruptcy cases. Finally, the brothers are represented by the same attorney of record in their respective appeals, as are Appellants.

Doc. 1, Part 17. On August 20, 2004, the appeal was transferred to the Eastern District. Doc. 1,
Part 18. The district court clerk's office did not receive an official certificate of record until
February 7, 2006. Doc. 5. A briefing schedule was issued, setting a February 22, 2006 deadline
for an opening brief by the Cedars. Doc. 7. No such papers have been filed. The Byrds have not
indicated in any way that they wish to file any further briefing.

## II. Legal Standards

A district court reviews de novo a bankruptcy court's conclusions of law. Paulman v. Gateway Venture Partners III, 163 F.3d 570, 575 (9th Cir. 1998). Findings of fact by the bankruptcy judge shall not be disturbed unless they are clearly erroneous. Fed. R. Bankr. Proc. 8013. "Mixed questions of law and fact are reviewed de novo. Such a question arises when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule." In re OTA, 179 B.R. 149, 155 (B.A.P. 9th Cir. 1995).

### III. Discussion

Judge Lee concluded that the Cedars' proof submitted in support of their $800,000 claim "do not constitute persuasive evidence upon which the court can readily calculate damages with certainty, nor is there any evidence of damages for the other theories advanced by the Cedar Creditors- fraud, emotional distress, etc. It is clear to the court that that process will require an extensive and contested evidentiary hearing in which substantial evidence will be necessary." Appellants' Ex. 9, at 5:4-9. The Cedars argue that Judge Lee committed clear error in confirming the Byrds' Chapter 13 plan. Brief, at 6-7.

"Issue preclusion bars the relitigation of issues actually adjudicated in previous litigation between the same parties. A party invoking issue preclusion must show: 1) the issue at stake is identical to an issue raised in the prior litigation; 2) the issue was actually litigated in the prior litigation; and 3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir. 2003), citing Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). Judge Lee noted that "The Cedar Creditors filed identical proofs of claim in both the Larry Byrd and the Sierra bankruptcies. Larry Byrd's chapter 13 plan was confirmed by order entered September 12, 2003. The Cedar Creditors objected to confirmation of Larry Byrd's plan on essentially the same grounds raised in this Objection." Appellants' Ex. 9, at 2:19-21. In the Larry Byrd bankruptcy, Judge Rimel determined that the Cedars' $800,000 claim was not liquidated. Judge Wanger emphatically affirmed that decision. The Cedars' appeal to the Ninth Circuit was ultimately dismissed for failure to prosecute. A final disposition based on a failure to prosecute can still give rise to issue preclusion. See In re Arneson, 282 B.R. 883, 886 (B.A.P. 9th Cir. 2002) ("The bankruptcy court, noting the [earlier appeal before the Ninth Circuit] was dismissed for [appellant's] failure to prosecute, applied principles of claim preclusion to reject his defense"). As the Cedars' $800,000 claim has been determined to be unliquidated for Chapter 13 purposes in a prior proceeding where all the requirements were met, issue preclusion applies.

**IV. Order**

The Bankruptcy Court's Order overruling the Cedars' objection to confirmation of the Byrds' Chapter 13 plan is AFFIRMED.

IT IS SO ORDERED.

Dated: __March 28, 2006__           _____/s/ Anthony W. Ishii_____
0m8i78                               UNITED STATES DISTRICT JUDGE